AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☑ Original ☐ D


CLERK'S OFFICE
A TRUE COPY
Dec 07, 2023
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the dates, times, and geographical boundaries further described in Attachment A. | ) |

Case No.  23-M-506 (SCD)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____ *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before     12-21-23     *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.     X at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Honorable Stephen C. Dries     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     12-7-23. 10:15 am

*Judge's signature*

City and state:     Milwaukee, WI          Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

| **Certification** |
|---|

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

**Property to Be Searched**

This warrant applies to a Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the following listed dates, times, and geographical boundaries (*distance from the GPS points*):

1.      <u>Location #1</u>

GPS Coordinates:  43.11166, -87.97687      Distance from Location: 0.35 Miles

Date: November 8, 2023      Time: 5:52 PM – 6:32 PM (CST)

2.      <u>Location #2</u>

GPS Coordinates:  43.05970, -87.94892      Distance from Location: 0.35 Miles

Date: July 2, 2023      Time: 2:30 AM – 3:30 AM (CST)

3.      <u>Location #3</u>

GPS Coordinates:  43.128876, -87.95815      Distance from Location: 0.35 Miles

Date: April 20, 2023      Time: 8:50 AM – 9:10 AM (CST)

4.      <u>Location #4</u>

GPS Coordinates:  43.08672, -87.92344      Distance from Location: 0.35 Miles

Date: March 24, 2023      Time: 8:30 PM – 9:30 PM (CST)

5.      <u>Location #5</u>

GPS Coordinates:  43.08496, -87.97645      Distance from Location: 0.35 Miles

Date: March 22, 2023      Time: 8:30 PM – 9:30 PM (CST)

10

6.      Location #6

GPS Coordinates:  43.07032, -87.95548      Distance from Location: 0.35 Miles

Date: March 7, 2023                          Time: 4:51 PM – 5:11 PM (CST)


7.      Location #7

GPS Coordinates:  43.07271, -87.94150      Distance from Location: 0.35 Miles

Date: March 7, 2023                          Time: 8:59 AM – 9:19 AM (CST)

11

## ATTACHMENT B

### Items and Information to be Seized and Searched

All information that constitutes evidence of a violation of 18 U.S.C. § 922(k) (Possession of a Firearm with an Obliterated Serial Number) and 18 U.S.C. § 922(o)(1) (Possession of an Unregistered Machinegun) committed on or about several dates between March 7, 2023, and November 8, 2023, involving at least one unknown person, including location information, and identifying information as specified below.

1. **T-Mobile, Sprint, AT&T, Verizon,** and **US Cellular** shall provide responsive data for each search area described in Attachment A, and are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made and all cellular device interactions with the network that have generated location information that falls within the defined search area during the corresponding timeframe(s) listed in Attachment A, including records that identify:

a. the unique identifiers for each wireless device that generated a Timing Advance "True Call" record within the search area for each location, including International Mobile Subscriber Identifiers ("IMSI"), International Mobile Equipment Identities ("IMEI"), and the make and model of the device;

b. the starting and ending date/time of the connection along with the duration;

c. for each communication with the network the tower and the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device for both starting and ending points of the communication;

d. the service type for the communication; and,

12

e.	the estimated latitude and longitude (along with confidence level) and the distance from the tower for both the starting and ending points of the communication contained within the Timing Advance "True Call" records.

2.	These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

3.	It is anticipated that identifying information will be requested for devices whose characteristics meet the following criteria:

a.	Devices whose cellular network records; including distance from the tower and/or network derived latitude and longitude; are consistent with the facts of the investigation and would not solely reflect a device passing through.

4.	However, it is noted that no subscriber information (including but not limited to name or phone number associated with the identifiers) or location information outside the initial search criteria is authorized by this warrant and additional legal process will be submitted.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



**CLERK'S OFFICE**
**A TRUE COPY**
Dec 07, 2023
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the dates, times, and geographical boundaries further described in Attachment A. | )<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 23-M-506 (SCD) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Please see Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(k) | Possession of a Firearm with an Obliterated Serial Number |
| 18 U.S.C. § 922(o)(1) | Possession of an Unregistered Machinegun |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

PAUL KOZELEK    Digitally signed by PAUL KOZELEK
Date: 2023.12.06 16:15:08 -06'00'

*Applicant's signature*

Paul Kozelek, Special Agent, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means)*.

Date: **12-7-23**

*Judge's signature*

City and state:   Milwaukee, WI     Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Paul Kozelek, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for records and information associated with certain cellular towers ("cell towers") and records generated by the cellular network that are in the possession, custody, and/or control of the following companies: (1) T-Mobile, a cellular service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey; (2) Sprint, a cellular service provider headquartered at 6200 Sprint Parkway, Overland Park, Kansas; (3) AT&T, a cellular service provider headquartered at 208 South Akard Street, Dallas, Texas; (4) Verizon, a cellular service provider headquartered at 1095 Avenue of the Americas, New York, New York; and (5) US Cellular, a cellular service provider headquartered at 8410 West Bryn Mawr Avenue, Chicago, Illinois. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile, Sprint, AT&T, Verizon, and US Cellular to disclose to the government copies of the information further described in Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January of 2020. Prior to my employment with ATF, I was a Sheriff's Deputy with the Jackson County Sheriff's Office in Black River Falls, WI. My duties included patrol, drafting and executing search warrants, and investigations related to state and county criminal violations. Previous to my tenure with the Jackson County Sheriff's Office, I served with the United State Marine Corps from 2004 until 2008, and the United States Marine Corps Reserve from 2011 until 2014. I left the Marine Corps as an E6/Staff Sergeant holding the

billet of Platoon Commander. I received my bachelor's degree in Criminal Justice Administration from Viterbo University, La Crosse, WI in 2016.

3.  I have completed approximately 26 weeks of training at the Federal Law Enforcement Training Center in Glynco, Georgia, as well as the ATF National Academy. That training included various legal courses related to constitutional law as well as search and seizure authority. Additionally, I have received training on how to conduct various tasks associated with criminal investigations, such as interviewing, surveillance, and evidence collection.

4.  I have previously applied for and received search warrants related to cell site data and other related cellphone company records.

5.  This affidavit is based upon my personal knowledge as well as information provided to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon information gathered from interviews of citizen witnesses, reports, official records, law enforcement reports, and my training and experience.

6.  Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(k) (Possession of a Firearm with an Obliterated Serial Number) and 18 U.S.C. § 922(o)(1) (Possession of an Unregistered Machinegun) have been committed by at least one unknown individual in the State and Eastern District of Wisconsin. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

**PROBABLE CAUSE**

**November 8, 2023 - Pursuit and Recovery of Firearm (Location 1)**

7.  Your Affiant reviewed Milwaukee Police Department (MPD) incident report #23-312-0132. Those reports reflect that on Wednesday, November 8, 2023, at approximately 6:00

2

PM (CST), MPD Officers observed a grey in color Toyota Camry traveling westbound at the 4900 block of W. Villard Ave. in Milwaukee, Wisconsin. The vehicle was traveling in the bike lane at a high rate of speed. Officers attempted a traffic stop by activating their lights and as siren. The vehicle pulled into the Citgo Gas station at 4929 W. Villard Ave, pulled past the gas pumps, and sped off west bound at a high rate of speed. The vehicle struck another vehicle and continued to flee. The suspect vehicle became disabled from the damage and pulled into the Villard Shop-Rite located at 5123 W. Villard Ave (location 1). The driver exited the driver's seat and fled on foot. The driver was not apprehended.

8.      Officers conducted a search of the vehicle and found a Glock model 27 .40 caliber pistol with an obliterated serial number on the front passenger side floorboard of the vehicle. The firearm was fitted with a machine gun conversion device, and a 22-round magazine which contained 21 rounds of ammunition.

9.      A machinegun conversion device, also referred to as a switch, is a device which converts a semi-automatic firearm into a fully automatic firearm (machinegun).

10.      The Glock pistol was submitted for entry into the National Integrated Ballistics Information Network (NIBIN). NIBIN is a system which compares markings left on expended ammunition casings which are unique to a specific firearm. The Glock pistol was test-fired, and the casings were submitted for analysis. The results showed the test fired casings matched casings recovered at a total of nine (9) other shooting incidents within the City of Milwaukee going back to October of 2020. Following is a synopsis of the ballistically-correlated incidents which occurred in 2023. The remaining incidents either occurred outside the timeframe of available data, or there was not enough detail to determine a specific location.

3

**July 2, 2023 - Shots-Fired Complaint (Location 2)**

11.     Your Affiant reviewed MPD incident report # 23-183-0906. Your Affiant is aware that on July 2, 2023, MPD officers were dispatched to 2212 N. 28th St. in Milwaukee after the address was struck by gunfire which had penetrated into the lower living areas of the house. The upper living area of the house was occupied.

12.     The area was searched and a total of seven casings were recovered from the front yard of 2217 N. 28th St (Location 2). A number of these casings ballistically matched the test-fired casing described in paragraph 10.

**April 20, 2023 - Shots-Fired Complaint (Location 3)**

13.     Your Affiant reviewed MPD incident report #23-110-0123. Your Affiant is aware that on April 20, 2023, MPD officers were dispatched to 6064 N. 37th St. in Milwaukee. The resident stated he heard multiple gunshots and described them as automatic gunfire. Officers located 19 spent .40 caliber casings and one 9mm casing in the alley near 6064 N 37th St. (Location 3). A number of these casings ballistically matched the test-fired casing described in paragraph 10.

**March 24, 2023 - Shooting Report (Location 4)**

14.     Your Affiant reviewed MPD incident report #23-083-0130. Your Affiant is aware that on March 24, 2023, MPD officers were dispatched to 1010 W. Abert Place in Milwaukee for a shooting complaint.

15.     The victim was at the Aurora Emergency Room located at 945 N 12th St. where he was taken by family members. The victim stated he was driving his vehicle in the area of N 10th St. and Nash St. in Milwaukee when a vehicle drove past and fired at his vehicle. The victim was struck in the chin and was transported to the hospital by family.

4

16. Responding officers also located another victim at 3806 N 10th St. The victim was a child who was sitting in his living room and was struck by the gunfire. The child was transported by ambulance with a non-fatal injury to the head.

17. ShotSpotter recorded eight rounds fired at 9:12 PM in the area of 3785 N 11th St. Officers located nine 9mm casings and eight .40 caliber casings in the road in front of 3805 N 10th St (Location 4). A number of these casings ballistically matched the test-fired casing described in paragraph 10.

### March 22, 2023 - ShotSpotter Report (Location 5)

18. Your Affiant reviewed MPD incident report #23-081-0150. Your Affiant is aware that on March 22, 2023, MPD officers were dispatched to 3733 N 50th St. in Milwaukee (Location 5) for a ShotSpotter report.

19. The ShotSpotter report indicated that a fully automatic firearm was discharged behind the above address. Officers located five spent .40 caliber casings in the alley behind the above address (location 5). There were no victims, witnesses, or property damage located near the shooting scene. A number of these casings ballistically matched the test-fired casing described in paragraph 10.

### March 7, 2023 - ShotSpotter Report (Location 6)

20. Your Affiant reviewed MPD incident report #23-066-0128. Your Affiant is aware that on March 7, 2023, MPD officers were dispatched to 2821 N 33rd St. in Milwaukee for a ShotSpotter report.

21. ShotSpotter reported that three gunshots were detected in the alley behind the above address. Officers located four .40 caliber casings. The closest address was 2818 N 33rd St (Location 6). No witnesses, victims, or property damage was located in the area of the shooting. A number of these casings ballistically matched the test-fired casing described in paragraph 10.

5

22.     Your Affiant reviewed MPD incident report #23-066-0048. Your Affiant is aware that on March 7, 2023, MPD officers were dispatched to 2959 N 23rd St. in Milwaukee for a ShotSpotter report. ShotSpotter reported automatic gunfire of 10 rounds.

23.     Officers located 12 casings behind 2955 N 23rd St (Location 7). These were found just outside the rear door of the residence. A number of these casings ballistically matched the test-fired casing described in paragraph 10.

## CONCLUSION

24.     In my training and experience, I have learned that T-Mobile, Sprint, AT&T, Verizon, and US Cellular are companies that provides cellular communications service to the general public. In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to specific geographic areas. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data.  When sending or receiving communications, a cellular device does not always utilize the cell tower that is closest to it. Additionally, cellular service providers also capture historical location data that is generated and derived from a cellular device's interaction with the cellular network. This information may include but not be limited to a cellular device's estimate distance from a particular cell tower and the provider's network derived location of the device in latitude and longitude.

25.     Based on my training and experience, I also know that each cellular device is identified by one or more unique identifiers. For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a

Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The types of identifiers assigned to a given cellular device are dependent on the device and the cellular network on which it operates.

26. Based on my training and experience, I know that cellular providers, such as T-Mobile, Sprint, AT&T, Verizon, and US Cellular routinely and in their regular course of business maintain historical cell-tower log information, including records identifying wireless communications that were transmitted through a particular cell tower. For each communication, these records may include the telephone call number and unique identifiers for the wireless device that sent or received the communication ("the locally served wireless device"); the source and destination telephone numbers associated with the communication (including the number of the telephone that called or was called by the locally served wireless device); the date, time, and duration of the communication; the cell tower(s) that handled the communication as well as the "sectors" (i.e. the faces of the towers) that received a radio signal from the locally served wireless device; and the type of communication transmitted (such as phone call or text message).

27. Furthermore, cellular providers such as T-Mobile, Sprint, AT&T, Verizon, and US Cellular in their regular course of business maintain certain types of location data associated with a cellular device based on that cellular device's interaction with the cellular network. For these interactions with the cellular network these records may include unique identifiers for the wireless device that interacted with the network ("the locally served wireless device'); the date, time and duration of the interaction with the network; the cell tower and sector (i.e. face of the tower) that was involved; the estimated distance from the tower and sector that the cellular device was located; and the estimated latitude and longitude of the cellular device. The

7

aforementioned location information is often contained within Timing Advance data, also known as True Call, that is captured and controlled by cellphone service providers.

28.     Based on my training and experience and the above facts, information obtained from cellular service providers such as T-Mobile, Sprint, AT&T, Verizon, and US Cellular reveal cell towers (and, where applicable, sector) that were used and the estimated location information (the estimated distance from the tower and sector and estimated latitude and longitude) of a given cellular device to engaged in a particular communication  or interaction with the cellular network can be used to show that the device was in the general vicinity of the cell tower or an estimated location at the time the communication or network interaction occurred. Thus, the records described in Attachment A will identify the cellular devices that were in the vicinity of:

      a.      Location 1 – 5123 W. Villard Ave, Milwaukee, Wisconsin, 43.11166, -87.97687, on November 8, 2023, from approximately 5:52 PM – 6:32 PM (CST);

      b.      Location 2 – 2217 N 28th St, Milwaukee, Wisconsin, 43.05970, -87.94892, on July 2, 2023, from approximately 2:30 AM – 3:30 AM (CST);

      c.      Location 3 – 6064 N 37th St., Milwaukee, Wisconsin, 43.128876, -87.95815, on April 20, 2023, from approximately 8:50 AM – 9:10 AM (CST);

      d.      Location 4 – 3805 N 10th St, Milwaukee, Wisconsin, 43.08672, -87.92344, on March 24, 2023, from approximately 8:30 PM – 9:30 PM (CST);

      e.      Location 5 – 3733 N 50th, Milwaukee, Wisconsin, 43.08496, -87.97645, on March 22, from approximately 8:30 PM – 9:30 PM (CST);

f.   Location 6 – 2818 N 33rd St. Milwaukee, Wisconsin, 43.07032, -87.95548, on March 7, 2023, from approximately 4:51 PM – 5:11 PM (CST); and/or

g.   Location 7 – 2955 N 23rd St Milwaukee, Wisconsin, 43.07271, -87.94150, on March 7, 2023, from approximately 8:59 AM – 9:19 AM (CST).

29.   Probable cause exists to believe that the records requested contain evidence related to identifying the unknown individual(s) who committed violations of 18 U.S.C. § 922(k) (Possession of a Firearm with an Obliterated Serial Number) and 18 U.S.C. § 922(o)(1) (Possession of an Unregistered Machinegun).

**AUTHORIZATION REQUEST**

30.   Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

31.   I further request that the Court direct T-Mobile, Sprint, AT&T, Verizon and US Cellular to disclose to the government any information described in Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, Sprint, AT&T, Verizon and US Cellular, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

32.   I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

9

## ATTACHMENT A

### Property to Be Searched

This warrant applies to a Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the following listed dates, times, and geographical boundaries (*distance from the GPS points*):

1.      Location #1

GPS Coordinates:  43.11166, -87.97687          Distance from Location: 0.35 Miles

Date: November 8, 2023                              Time: 5:52 PM – 6:32 PM (CST)

2.      Location #2

GPS Coordinates:  43.05970, -87.94892          Distance from Location: 0.35 Miles

Date: July 2, 2023                                      Time: 2:30 AM – 3:30 AM (CST)

3.      Location #3

GPS Coordinates:  43.128876, -87.95815        Distance from Location: 0.35 Miles

Date: April 20, 2023                                   Time: 8:50 AM – 9:10 AM (CST)

4.      Location #4

GPS Coordinates:  43.08672, -87.92344          Distance from Location: 0.35 Miles

Date: March 24, 2023                                  Time: 8:30 PM – 9:30 PM (CST)

5.      Location #5

GPS Coordinates:  43.08496, -87.97645          Distance from Location: 0.35 Miles

Date: March 22, 2023                                  Time: 8:30 PM – 9:30 PM (CST)

10

6.    <u>Location #6</u>

GPS Coordinates:  43.07032, -87.95548        Distance from Location: 0.35 Miles

Date: March 7, 2023                          Time: 4:51 PM – 5:11 PM (CST)


7.    <u>Location #7</u>

GPS Coordinates:  43.07271, -87.94150        Distance from Location: 0.35 Miles

Date: March 7, 2023                          Time: 8:59 AM – 9:19 AM (CST)

11

**Items and Information to be Seized and Searched**

All information that constitutes evidence of a violation of 18 U.S.C. § 922(k) (Possession of a Firearm with an Obliterated Serial Number) and 18 U.S.C. § 922(o)(1) (Possession of an Unregistered Machinegun) committed on or about several dates between March 7, 2023, and November 8, 2023, involving at least one unknown person, including location information, and identifying information as specified below.

1.      **T-Mobile, Sprint, AT&T, Verizon,** and **US Cellular** shall provide responsive data for each search area described in Attachment A, and are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made and all cellular device interactions with the network that have generated location information that falls within the defined search area during the corresponding timeframe(s) listed in Attachment A, including records that identify:

a.      the unique identifiers for each wireless device that generated a Timing Advance "True Call" record within the search area for each location, including International Mobile Subscriber Identifiers ("IMSI"), International Mobile Equipment Identities ("IMEI"), and the make and model of the device;

b.      the starting and ending date/time of the connection along with the duration;

c.      for each communication with the network the tower and the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device for both starting and ending points of the communication;

d.      the service type for the communication; and,

e.      the estimated latitude and longitude (along with confidence level) and the distance from the tower for both the starting and ending points of the communication contained within the Timing Advance "True Call" records.

2.      These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

3.      It is anticipated that identifying information will be requested for devices whose characteristics meet the following criteria:

a.      Devices whose cellular network records; including distance from the tower and/or network derived latitude and longitude; are consistent with the facts of the investigation and would not solely reflect a device passing through.

4.      However, it is noted that no subscriber information (including but not limited to name or phone number associated with the identifiers) or location information outside the initial search criteria is authorized by this warrant and additional legal process will be submitted.

Case 2:23-mj-00506-SCD     Filed 12/07/23     Page 20 of 20     Document 1